UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LINDA RIVERA,

   Plaintiff,

v.                                                                             No. 3:18-cv-1463(WIG)

ANDREW M. SAUL,
Commissioner of
Social Security[1],

   Defendant.

## RULING ON PENDING MOTIONS

This is an administrative appeal following the denial of the plaintiff, Linda Rivera's, application for Title II disability insurance benefits ("DIB") and Title XVI supplemental security income benefits ("SSI"). It is brought pursuant to 42 U.S.C. § 405(g).[2] Plaintiff now moves for

---

[1]     The President nominated Andrew M. Saul to be Commissioner of Social Security; the Senate Confirmed his appointment on June 4, 2019, vote number 133. He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

[2]     Under the Social Security Act, the "Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under [the Act]." 42 U.S.C. §§ 405(b)(1) and 1383(c)(1)(A). The Commissioner's authority to make such findings and decisions is delegated to administrative law judges ("ALJs"). *See* 20 C.F.R. §§ 404.929; 416.1429. Claimants can in turn appeal an ALJ's decision to the Social Security Appeals Council. *See* 20 C.F.R. §§ 404.967; 416.1467. If the appeals council declines review or affirms the ALJ opinion, the claimant may appeal to the United States district court. Section 205(g) of the Social Security Act provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C § 405(g).

an order reversing the decision of the Commissioner of the Social Security Administration ("the Commissioner"), or in the alternative, an order remanding her case for a rehearing. [Doc. # 19]. The Commissioner, in turn, has moved for an order affirming his decision. [Doc. # 22]. After careful consideration of the arguments raised by both parties, and thorough review of the administrative record, the Court grants Plaintiff's motion and remands the case for further proceedings.

## **LEGAL STANDARD**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant will meet this definition if his or her impairments are of such severity that the claimant cannot perform pervious work and also cannot, considering the claimant's age, education, and work experience, "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner must follow a sequential evaluation process for assessing disability claims. The five steps of this process are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment which "meets or equals" an impairment listed in Appendix 1 of the regulations (the Listings). If so, and it meets the durational requirements, the Commissioner will consider the

claimant disabled, without considering vocational factors such as age, education, and work experience; (4) if not, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work in the national economy which the claimant can perform. *See* 20 C.F.R. §§ 404.1520; 416.920. The claimant bears the burden of proof on the first four steps, while the Commissioner bears the burden of proof on the final step. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function." *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the district court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. *Id.*; *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to first ascertain whether the Commissioner applied the correct legal principles in reaching his conclusion, and then whether the decision is supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). Therefore, absent legal error, a decision of the Commissioner cannot be set aside if it is supported by substantial evidence. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It must be "more than a scintilla or touch of proof here and there in the record." *Id.* If the

Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982).

I. **BACKGROUND**

   a. **Facts**

   Plaintiff filed her DIB application on May 18, 2016 and her SSI application on February 14, 2017. Both applications alleged a disability onset date of March 1, 2012.[3] Plaintiff's claims were denied at both the initial and reconsideration levels. Thereafter, Plaintiff requested a hearing. On February 26, 2018, a hearing was held before Administrative Law Judge Ronald J. Thomas ("the ALJ"). Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing. On May 23, 2018, the ALJ issued a decision denying Plaintiff's claims. Plaintiff timely requested review of the ALJ's decision by the Appeals Council. On July 27, 2018, the Appeals Council denied review, making the ALJ's decision the final determination of the Commissioner. This action followed.

   Plaintiff was forty-three years old on the hearing date. (R. 45). She has a high school education and can communicate in English. (R. 33). Plaintiff has past work experience as a cashier and a grocery clerk. (R. 32). Plaintiff's complete medical history is set forth in the Joint Stipulation of Facts filed by the parties. [Doc. # 19-1]. The Court adopts this stipulation and incorporates it by reference herein.

---

[3] Plaintiff previously filed DIB and SSI applications that were denied in an Administrative Law Judge decision dated August 3, 2015. The Appeals Council denied review of the decision on September 30, 2016. Thus, the August 2015 decision became administratively final. The ALJ determined that because the August 2015 decision is final and binding, Plaintiff cannot, in the instant case, allege disability during the prior adjudication period (from March 1, 2012 through August 3, 2015). Thus, the period at issue in this case is from August 4, 2015, through the date of the ALJ's decision.

### b. The ALJ's Decision

The ALJ followed the sequential evaluation process to determine whether Plaintiff was disabled under the Social Security Act. The ALJ first determined that due to administrative *res judicata*, the portion of the September 11, 2017, request for hearing relating to the prior adjudicated period, up through the date of the ALJ decision dated August 3, 2015, was dismissed. (R. 24, 34).

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 4, 2015. (R. 24). At Step Two, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; left foot pain; diabetes mellitus; fibromyalgia; affective disorder; anxiety disorder; and post-traumatic stress disorder. (R. 25). At Step Three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 25-27). Next, the ALJ determined Plaintiff retains the following residual functional capacity[4]:

> to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except occasional bending, balancing, twisting, squatting, kneeling, crawling, and climbing; but no climbing ladders, ropes, or scaffolds; and she should avoid hazards of heights, vibrations, and dangerous machinery. She should have no left foot controls and may use a cane to walk. The claimant is capable of performing simple, routine, repetitive work that does not require teamwork or working closely with the public and occasional interaction with coworkers, supervisors, and the public.

(R. 27).

At Step Four, the ALJ found Plaintiff is unable to perform any past relevant work. (R. 32). Finally, at Step Five, the ALJ relied on the testimony of the VE to conclude that there are jobs existing in significant numbers in the national economy Plaintiff can perform. (R. 33-34).

---

[4] Residual functional capacity ("RFC") is the most a claimant can do in a work setting despite his or her limitations. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

Specifically, the VE testified that a person with Plaintiff's vocational factors and the assessed RFC can perform the positions of laundry folder, photocopying machine operator, and mail clerk. (R. 34). Accordingly, the ALJ determined Plaintiff was not disabled from August 4, 2015, through the date of his decision, May 23, 2018.

## II. DISCUSSION

Plaintiff raises several arguments in support of her Motion to Reverse, which the Court will address in turn.

### a. **Administrative *Res Judicata***

Plaintiff first argues that the ALJ erred in not fully developing the record stating that the ALJ "at a minimum should have" considered medical evidence predating August 4, 2015 that was precluded by the *res judicata* determination. [Doc. #19-2 at 2-3].

The Court finds that the ALJ did not err in finding that administrative *res judicata* precluded redetermination of plaintiff's claims before August 3, 2015, the date of the prior determination denying disability. Here the ALJ cited claimant's procedural history. He acknowledged that plaintiff alleged disability beginning March 1, 2012. (R. 21). Plaintiff's original applications were denied by the Commissioner on August 3, 2015. (R. 21; 70-96). The Appeals Council denied review of this decision on September 30, 2016, making that decision the final decision of the Commissioner. (R. 21; 97-103). "Administrative *res judicata* is appropriately applied where a prior determination on the same facts and issues made by the Commissioner has become final by either administrative or judicial action." Navan v. Astrue, 303 F. App'x 18, 20 (2d Cir. 2008) (citing 20 C.F.R. § 404.957(c)(1)).

Although plaintiff does not expressly challenge the ALJ's *res judicata* determination she relies heavily on medical evidence related to the period prior to August 4, 2015, and argues that

the ALJ relied on an insufficiently developed record and did not properly evaluate evidence at step two of the sequential evaluation process. [Doc. #19-1 at 1-16; 32-39; Doc. #19-2 at 1-12; 12-16]. The ALJ properly viewed the August 3, 2015 decision, and the evidence upon which the ALJ relied, as a matter of administrative *res judicata.* Gendron v. Berryhill, No. 3:17 cv 207 (JGM), 2018 WL 774903, at *9 (D. Conn. Feb. 8, 2018) (citing 20 C.F.R. § 416.1457(c)(1)("The administrative law judge [may] decide[ ] that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because . . . [t]he doctrine of res judicata applies . . . .")).

The Court finds no error with the ALJ's finding that the relevant period of disability under consideration began August 4, 2015.

**b. Fibromyalgia**

Plaintiff argues that the ALJ's ruling should be reversed or remanded for a number of reasons relating to a failure to develop the record and obtain medical source statements from certain treating physicians and clinicians including rheumatologist Dr. Kenneth J. Lippman. The Court focuses its ruling on Plaintiff's argument that the ALJ erred in his evaluation of her fibromyalgia and duty to develop the record. [Doc. #19-2 at 3]. For the reasons that follow, the Court finds that the ALJ did not fulfill his duty to develop the record and that remand is warranted to obtain treatment records and a medical source statement from Dr. Lippman.

At step two, the ALJ found that Plaintiff's fibromyalgia was a severe condition, but concludedthat this condition "has not produced the degree of disabling symptoms referenced in Social Security Ruling 12-2p." (R. 25). At the hearing, plaintiff testified that she was treating with rheumatologist Dr. Lippman for pain associated with a diagnosis of fibromyalgia. (R. 47-48). She stated that her last appointment with the doctor was two days before to the hearing. (R.

7

48). The ALJ agreed to hold the record open for submission of treatment records from Dr. Lippman. (R. 48, 64). In his ruling on Plaintiff's RFC, the ALJ noted that "the record was held open for the representative to submit <u>any</u> rheumatology treatment notes; however, none were provided despite ample time given." (R. 29 (citing Ex. B14E)(emphasis added)).

However, the record contains copies of some of Dr. Lippman's treatment records that were faxed to Plaintiff's primary care provider Optimus Health Care on January 10, 2018, and not considered by the ALJ. (R. 3001). These records include treatment notes from nine appointments dating from August 7, 2017 through January 8, 2018. (R. 3001-50). There is also a notation to visits on April 19, May 10 and 31, and June 4, 2017, but no treatment records were provided. (R. 3003). In addition, there is no treatment record for a visit in February 2018, that the plaintiff testified to during the February 26, 2016, hearing before the ALJ. (R. 48).

"It is the rule in our circuit that the ALJ, unlike the judge in a trial, must [him]self affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1997) (internal quotation marks omitted); *see Moreau v. Berryhill*, No. 3:17-CV-396 (JCH), 2018 WL 1316197, at *4 (D. Conn. Mar. 14, 2018) ("An ALJ in a social security benefits hearing has an affirmative obligation to develop the record adequately." (internal quotation marks omitted) ). "Whether the ALJ has satisfied this obligation or not must be addressed as a threshold issue." *Moreau*, 2018 WL 1316197, at *4. "Even if the ALJ's decision might otherwise be supported by substantial evidence, the Court cannot reach this conclusion where the decision was based on an incomplete record." *Id.* (quoting *Downes v. Colvin*, No. 14-CV-7147 (JLC), 2015 WL 4481088, at *12 (S.D.N.Y. July 22, 2015)).

"The expert opinions of a treating physician are of particular importance to a disability determination." *Id.* at *5. "What is valuable about the perspective of the treating physician and what distinguishes this evidence from the examining physician and from the ALJ is [the treating physician's] opportunity to develop an informed opinion as to the physical status of the patient." *Halle v. Astrue*, No. 3:11-CV-1181 (VLB), 2012 WL 4371241, at *6 (D. Conn. Sept. 24, 2012) (citing *Peed v. Sullivan*, 778 F. Supp. 1241, 1246 (E.D.N.Y. 1991) ). "[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel or ... by a paralegal.'" Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir.1996)

Here, the ALJ failed to consider the treatment records from Plaintiff's rheumatologist Dr. Lippman contained in the administrative record. It is also apparent that other treatment records exist and that the record is incomplete.[5] Although the ALJ credited the diagnosis of fibromyalgia and found that the condition was severe, he failed to obtain any treatment records from Dr. Lippman or an opinion addressing the effect this condition has on Plaintiff's day to day functioning. *See* Social Security Ruling ("SSR") 12-2p, Titles II and XVI: Evaluation of Fibromyalgia, 2012 WL 3104869, at *1 (S.S.A. July 25, 2012) (providing guidance on the evidence required "to establish that a person has a medically determinable impairment of fibromyalgia" and how to evaluate the impairment's limiting effects). "Finally, SSR 12-2p specifically cautions that fibromyalgia may erode the full range of unskilled work and that the application of the Medical-Vocational Rules is not appropriate." Chiles v. Colvin, No. 1:14-CV-

---

[5] The Commissioner argues that "the record does not show any evidence of tender points…." [Doc. #22-1 at 19]. However, Dr. Lippman's treatment records contain a diagram of a skeleton with tender points noted. (R. 3003).

00943-MAT, 2017 WL 2703654, at *3 (W.D.N.Y. June 23, 2017)(citing SSR 12-2p, 2012 WL 3104869, at *6).

Accordingly, the Court finds that additional administrative proceedings are required. On remand, the ALJ should develop the record as necessary to obtain medical records and opinions as to plaintiff's functional limitations from treating and/or examining sources, conduct a proper evaluation of Plaintiff's symptoms in light of her fibromyalgia diagnosis in accordance with SSR 12-2p, and thoroughly explain his findings in accordance with the regulations. *See Moreau*, 2018 WL 1316197, at *4 ("Because the court finds that the ALJ failed to develop the record, it also suggests that the ALJ revisit the other issues on remand, without finding it necessary to reach whether such arguments would themselves constitute legal error justifying remand on their own.").

### III. CONCLUSION

For the reasons stated, plaintiff's Motion to Reverse the Decision of the Commissioner **[Doc. #19]** is **GRANTED**. Defendant's Motion for an Order Affirming the Commissioner's Decision **[Doc. #22]** is **DENIED**.

In light of the Court's findings above, it need not reach the merits of plaintiff's other arguments. Therefore, this matter is remanded to the Commissioner for further administrative proceedings consistent with this opinion. On remand, the Commissioner shall address the other claims of error not discussed herein.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. §636(c)(3); Fed. R. Civ. P. 73(c). The Clerk is directed to

enter judgment in favor of the defendant and close this case.

SO ORDERED, this <u>11th</u> day of September, 2019, at Bridgeport, Connecticut.

   <u>*/s/ William I. Garfinkel*</u>
WILLIAM I. GARFINKEL
United States Magistrate Judge